## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CUBIST PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| STRIDES, INC. and AGILA SPECIALTIES PRIVATE LIMITED, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Cubist Pharmaceuticals, Inc., by its attorneys, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the filing by Defendants Strides, Inc. ("Strides") and Agila Specialties Private Limited ("Agila") (collectively, "Defendants") of Abbreviated New Drug Application ("ANDA") No. 205037 with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of CUBICIN® prior to the expiration of U.S. Patent Nos. 6,468,967; 6,852,689; 8,058,238; and 8,129,342.

## PARTIES

2. Plaintiff Cubist Pharmaceuticals, Inc. ("Cubist") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 65 Hayden Avenue, Lexington, Massachusetts.

3. Upon information and belief, defendant Strides is a New Jersey corporation, with its principal place of business at 201 South Main Street, Suite #3, Lambertville, NJ 08530.

4. Upon information and belief, defendant Agila is a corporation organized under the laws of India, with its principal place of business at Strides House, Bilekahalli, Bannerghatta Road, Bangalore 560076 India.

5. Upon information and belief, defendant Strides is the U.S. agent for defendant Agila. Upon information and belief, defendants Strides and Agila are wholly owned subsidiaries of Strides Arcolab Ltd. that act in concert with respect to collaborating in the development, manufacturing, marketing, and sale of generic copies of branded pharmaceutical products, including daptomycin for injection. On information and belief, defendants Strides and Agila import, distribute, manufacture, market, and/or sell generic versions of branded drugs in, and regularly conduct business throughout, the United States, including in Delaware.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States of America and this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

8. Defendants are subject to personal jurisdiction in Delaware because of their continuous and systematic contacts with Delaware. Upon information and belief, Defendants directly or indirectly purposefully offer to sell, sell, market, distribute, and/or manufacture goods, including generic pharmaceutical products, for sale in the United States and Delaware; derive substantial revenue from things used or consumed in Delaware; regularly do business and solicit business in Delaware; and have admitted, consented to, and/or not objected to jurisdiction in this Court, including, for example, in *Aventis Pharma S.A. et al. v. Strides, Inc. et al.*, C.A. No. 11-1121-GMS (D. Del.) and *Senju Pharmaceutical Co., Ltd. et al. v. Strides, Inc. et al.*, C.A. No. 13-851-SLR (D. Del.).

9. Alternatively, Agila is subject to personal jurisdiction in Delaware pursuant to Fed. R. Civ. P. 4(k)(2). Agila has contacts with the United States through, among other things, its having filed an ANDA with the FDA through its agent corporation, Strides, and its importation, distribution, manufacture, marketing, and/or sale of generic versions of branded drugs in the United States.

## BACKGROUND

10. CUBICIN® (daptomycin for injection) is an intravenous bactericidal antibiotic approved by the FDA for the treatment of complicated skin and skin structure infections caused by certain Gram-positive microorganisms, such as *Staphylococcus aureus*, including methicillin-resistant strains, also known as MRSA. CUBICIN® is also approved for the treatment of *S. aureus* bloodstream infections (bacteremia), including right-sided infective endocarditis caused by MRSA.

11. Cubist sells CUBICIN® in the United States pursuant to a New Drug Application that has been approved by the FDA.

12. United States Patent No. 6,468,967 ("the '967 patent"), entitled "Methods for Administration of Antibiotics" (Exhibit A hereto), was duly and legally issued on October 22, 2002. The '967 patent, which is owned by Cubist, will expire on September 24, 2019.

13. United States Patent No. 6,852,689 ("the '689 patent"), entitled "Methods for Administration of Antibiotics" (Exhibit B hereto), was duly and legally issued on February 8, 2005. The '689 patent, which is owned by Cubist, will expire on September 24, 2019.

14. United States Patent No. 8,058,238 ("the '238 patent"), entitled "High Purity Lipopeptides" (Exhibit C hereto), was duly and legally issued on November 15, 2011. The '238 patent, which is owned by Cubist, will expire on November 28, 2020.

15. United States Patent No. 8,129,342 ("the '342 patent"), entitled "High Purity Lipopeptides" (Exhibit D hereto), was duly and legally issued on March 6, 2012. The '342 patent, which is owned by Cubist, will expire on November 28, 2020.

16. CUBICIN®, or its use, is covered by one or more claims of the '967, '689, '238, and '342 patents, which have been listed in connection with CUBICIN® in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, referred to as the "Orange Book."

17. By letter dated August 26, 2013 (the "Notice Letter"), Defendants notified Cubist that they had submitted to the FDA ANDA No. 205037 for Daptomycin for Injection, 500mg/vial, a generic version of CUBICIN® ("Strides's ANDA Product").

18. In the Notice Letter, Defendants stated that their ANDA included certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '967, '689, '238, and '342 patents and alleged that the '967, '689, '238, and '342 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, or sale of Strides's ANDA Product.

19. This action is being commenced before the expiration of forty-five days from the date of the receipt of the Notice Letter.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,468,967

20. Plaintiff incorporates each of the proceeding paragraphs 1 – 19 as if fully set forth herein.

21. The use of Strides's ANDA Product is covered by one or more claims of the '967 patent.

-4-

22. Defendants had knowledge of the '967 patent when they submitted their ANDA to the FDA.

23. Defendants' submission of ANDA No. 205037 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Strides's ANDA Product before the expiration of the '967 patent is an act of infringement of the '967 patent.

24. The commercial manufacture, use, offer for sale, sale and/or importation of Strides's ANDA Product would infringe one or more claims of the '967 patent.

25. Upon information and belief, use of Strides's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would infringe one or more claims of the '967 patent.

26. Upon information and belief, Defendants intend to engage in the manufacture, use, offer for sale, sale, and/or importation of Strides's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 205037.

27. Upon information and belief, Defendants will actively induce infringement of the '967 patent when their ANDA is approved, and plan and intend to, and will do so, immediately and imminently upon approval.

28. Upon information and belief, Defendants know that Strides's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '967 patent, and that Strides's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to the infringement of the '967 patent immediately and imminently upon approval of ANDA No. 205037.

29. The foregoing actions by Defendants constitute and/or would constitute infringement of the '967 patent, active inducement of infringement of the '967 patent, and/or contribution to the infringement by others of the '967 patent.

30. Upon information and belief, Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '967 patent, actively inducing infringement of the '967 patent, and/or contributing to the infringement by others of the '967 patent.

31. Unless Defendants are enjoined from infringing the '967 patent, actively inducing infringement of the '967 patent, and/or contributing to the infringement by others of the '967 patent, Cubist will suffer irreparable injury. Cubist has no adequate remedy at law.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,852,689

32. Plaintiff incorporates each of the proceeding paragraphs 1 – 31 as if fully set forth herein.

33. The use of Strides's ANDA Product is covered by one or more claims of the '689 patent.

34. Defendants had knowledge of the '689 patent when they submitted their ANDA to the FDA.

35. Defendants' submission of ANDA No. 205037 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Strides's ANDA Product before the expiration of the '689 patent is an act of infringement of the '689 patent.

36. The commercial manufacture, use, offer for sale, sale and/or importation of Strides's ANDA Product would infringe one or more claims of the '689 patent.

37. Upon information and belief, use of Strides's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would infringe one or more claims of the '689 patent.

38. Upon information and belief, Defendants intend to engage in the manufacture, use, offer for sale, sale, and/or importation of Strides's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 205037.

39. Upon information and belief, Defendants will actively induce infringement of the '689 patent when their ANDA is approved, and plan and intend to, and will do so, immediately and imminently upon approval.

40. Upon information and belief, Defendants know that Strides's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '689 patent, and that Strides's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to the infringement of the '689 patent immediately and imminently upon approval of ANDA No. 205037.

41. The foregoing actions by Defendants constitute and/or would constitute infringement of the '689 patent, active inducement of infringement of the '689 patent, and/or contribution to the infringement by others of the '689 patent.

42. Upon information and belief, Defendants acted without a reasonable basis for believing that they would not be liable for infringing the '689 patent, actively inducing

infringement of the '689 patent, and/or contributing to the infringement by others of the '689 patent.

43. Unless Defendants are enjoined from infringing the '689 patent, actively inducing infringement of the '689 patent, and/or contributing to the infringement by others of the '689 patent, Cubist will suffer irreparable injury. Cubist has no adequate remedy at law.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 8,058,238

44. Plaintiff incorporates each of the proceeding paragraphs 1 – 43 as if fully set forth herein.

45. Strides's ANDA Product is covered by one or more claims of the '238 patent.

46. Defendants' submission of ANDA No. 205037 for the purpose of the obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Strides's ANDA Product before the expiration of the '238 patent is an act of infringement of the '238 patent.

47. The commercial manufacture, use, offer for sale, sale and/or importation of Strides's ANDA Product would infringe one or more claims of the '238 patent.

48. Upon information and belief, Defendants intend to engage in the manufacture, use, offer for sale, sale, and/or importation of Strides's ANDA Product immediately and imminently upon approval of ANDA No. 205037.

49. The foregoing actions by Defendants constitute and/or would constitute infringement of the '238 patent.

50. Unless Defendants are enjoined from infringing the '238 patent, Cubist will suffer irreparable injury. Cubist has no adequate remedy at law.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,129,342

51. Plaintiff incorporates each of the proceeding paragraphs 1 – 50 as if fully set forth herein.

52. Strides's ANDA Product is covered by one or more claims of the '342 patent.

53. Defendants' submission of ANDA No. 205037 for the purpose of the obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Strides's ANDA Product before the expiration of the '342 patent is an act of infringement of the '342 patent.

54. The commercial manufacture, use, offer for sale, sale and/or importation of Strides's ANDA Product would infringe one or more claims of the '342 patent.

55. Upon information and belief, Defendants intend to engage in the manufacture, use, offer for sale, sale, and/or importation of Strides's ANDA Product immediately and imminently upon approval of ANDA No. 205037.

56. The foregoing actions by Defendants constitute and/or would constitute infringement of the '342 patent.

57. Unless Defendants are enjoined from infringing the '342 patent, Cubist will suffer irreparable injury. Cubist has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(a) A judgment that Defendants' submission of ANDA No. 205037 was an act of infringement of the '967, '689, '238, and '342 patents, and that Defendants' manufacture, use, offer to sell, sale, or importation of Strides's ANDA Product prior to the expiration of the '967,

'689, '238, and '342 patents, will infringe, actively induce infringement, and/or contribute to the infringement of the '967, '689, '238, and '342 patents;

(b) An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Strides's ANDA No. 205037, or any product or compound that infringes the '967, '689, '238, and '342 patents, shall not be earlier than the expiration of the '967, '689, '238 and '342 patents;

(c) An Order permanently enjoining Defendants, and their affiliates and subsidiaries, and each of their officers, agents, servants and employees, from making, using, offering to sell, selling, marketing, distributing, or importing Strides's ANDA Product, or any product or compound that infringes the '967, '689, '238, and '342 patents, or inducing or contributing to the infringement of the '967, '689, '238, and '342 patents until after the expiration of the '967, '689, '238, and '342 patents;

(d) A declaration that this is an exceptional case and an award of attorneys' fees to plaintiff pursuant to 35 U.S.C. § 285;

(e) Plaintiff's reasonable costs of suit incurred; and

(f) Such further and other relief as this Court deems proper and just.

OF COUNSEL

William F. Lee
Lisa J. Pirozzolo
Emily Whelan
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

October 9, 2013
7637761.1

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff
Cubist Pharmaceuticals, Inc.*